UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SHERWIN ALUMINA COMPANY LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-132 |
| § | |
| UNION PACIFIC RAILROAD § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is "Plaintiff Sherwin Alumina Company, LLC's [Sherwin's] Motion to Dismiss Defendant Union Pacific Railroad Company's [Union Pacific's] Counterclaim for Declaratory Judgment" (D.E. 16) and Union Pacific's Response (D.E. 17). Sherwin claims that Union Pacific's counterclaim should be dismissed because it is not an independent claim but only reasserts affirmative defenses in an attempt to qualify for an award of attorney's fees. For the reasons set out below, the motion is GRANTED.

Sherwin seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a counterclaim just as it does a complaint. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996). Sherwin reasons that Union Pacific's counterclaim does not state a claim upon which relief may be granted because a declaratory judgment action is not available to resolve disputes already pending before the court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990). More specifically, to survive dismissal under Texas law, a defendant's

counterclaim for declaratory judgment must have greater ramifications than the original suit—it must seek affirmative relief. *Id*. at 842.

While sitting in diversity jurisdiction, this Court applies federal procedure and state substantive law. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). The right to seek a declaratory judgment is considered procedural. *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (noting that attorney's fees are not available under the federal Declaratory Judgments Act and refusing to apply the attorney's fee component of the Texas Declaratory Judgments Act). Therefore the Court applies the federal Declaratory Judgments Act, 28 U.S.C. § 2201, the act under which Union Pacific pled its claims.

In describing the case or controversy required for declaratory relief, the Supreme Court of the United States applies an analysis similar to that of the Texas Supreme Court: "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952) (disapproving of the use of declaratory judgment procedure to transform a defensive issue into an offensive claim in a preemptive invocation of jurisdiction). Without a useful purpose beyond determining the outcome of a contract action on the defendant's defensive issues, the defendant's counterclaim for a declaratory judgment serves no real purpose.

According to the pleadings here, Sherwin has sued Union Pacific under a single count of breach of contract, relying on the terms of an executory rail transportation

agreement, UPCQ 81351.018, which incorporates by reference a tariff established by Union Pacific's Circular 16-E.  D.E. 1.  In Union Pacific's counterclaim, it seeks declaratory judgment that Sherwin's lock-out of certain employees in response to an employee strike eliminated or excused Union Pacific's obligation to comply with the terms of UPCQ 81351.018.  D.E. 11.  While Union Pacific insists that this counterclaim calls into question the parties' respective obligations under a separate agreement, an Industrial Track Agreement, there are no factual allegations referencing the Industrial Track Agreement in its counterclaim—no mention of that agreement whatsoever.  D.E. 11, 17.  And while Union Pacific has included a generic request for leave to amend in its response (D.E. 17, p. 8), a court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects.  *United States ex rel. Willard v. Humana Health Plan of Texas Inc*., 336 F.3d 375, 387 (5th Cir. 2003).  When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id*.  A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate.  *Id*.

Whether to entertain a claim for declaratory judgment is a matter committed to this Court's discretion.  28 U.S.C. § 2201; *Canal Indemnity Co. v. Wilburn Container X-Press Inc*., 95 F.3d 53 (5th Cir. 1996).  Under the circumstances, the Court finds that Union Pacific is using the declaratory judgment procedure simply to assert its defenses in a manner that will entitle it to attorney's fees under Texas substantive law.  Declaratory judgment is consequently inappropriate.

For these reasons, the Court GRANTS the motion to dismiss and DISMISSES Union Pacific's counterclaim against Sherwin under the Declaratory Judgments Act.

ORDERED this 15th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE